UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMIAH CHERRY,<br>    Plaintiff, | )<br>)<br>) |
| vs. | ) Case No. 22-3023<br>) |
| EMILY RUSKIN, et. al.,<br>    Defendants | )<br>)<br>) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendants Former Warden Emily Ruskin, Wexford Health Sources, Health Care Unit Administrator Lisa Hopp, Dentist George Milanez, Dentist Deontay Crawford, and the American Dental Society violated his constitutional rights at Lincoln Correctional Center from February 28, 2020 through September 12, 2020.

Unfortunately, Plaintiff refers to both Defendants Dr. Milanez and Dr. Crawford as "dental staff" in his complaint. (Comp, p. 7). Plaintiff may proceed for the purposes of notice pleading, but he must be able to clarify which dentist was specifically involved

1

during which specific time period to demonstrate each Defendant violated his constitutional rights.  Plaintiff says he saw dental staff on February 28, 2020 concerning a broken tooth. Plaintiff does not indicate if he was provided any dental care at this time.

On March 28, 2020, Illinois Department of Corrections (IDOC) Director Jeffreys informed all staff they were in quarantine due to COVID-19, but medical and mental health services would continue.  Nonetheless, Plaintiff filed six separate requests for dental care between April 19, 2020 and May 26, 2020 without receiving a response. Plaintiff met with a dentist on May 26, 2020 who observed swelling and prescribed antibiotics for one week.  Plaintiff says he was ultimately told he would remain in pain until the COVID quarantine period was over.

Plaintiff also filed an emergency grievance on April 19, 2020 and Defendant Warden Ruskin determined the grievance did meet the requirements for emergency review.  However, Plaintiff did not receive a response from the Health Care Unit until June 5, 2020.  Plaintiff claims the response stated:

> The offender has been under the care of the on-site Dentists for complaints of tooth #4 pain. He needs a filling once the Dental Department can begin non-emergent/urgent treatments/procedures.  Currently the American Dental Society has halted all non-emergent/urgent treatments/procedures related to the COVID outbreak.  Therefore, the offender is not able to have the filing completely at this time.  The last time he was seen by the Dental Department was on 5/26/20 and at this time he was ordered an antibiotic and Tylenol. (Comp., p. 8).

Plaintiff says this information was provided by Defendant Healthcare Unit

Administrator Hopp who works for Wexford Health Care. The Warden approved the grievance response on June 5, 2020.

Plaintiff says he continued to complain of pain from June 5, 2020 to August 25, 2020. On September 5, 2020, Plaintiff claims an x-ray revealed his tooth had "decay to the nerve." (Comp., p. 9). His tooth was extracted a few days later. Plaintiff says he was left to suffer with "intense pain" for months.

The Seventh Circuit has found severe tooth decay or abscesses can cause acute medical needs requiring prompt treatment. *See Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 940 (7th Cir. 2015) ("A dentist demonstrates deliberate indifference by failing to treat the patient promptly, thus prolonging the patient's pain, while knowing that the patient may well be in serious pain that is treatable."); *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)("Tooth decay can constitute an objectively serious medical condition because of pain and the risk of infection."); *Board v.Farnham*, 394 F.3d 469, 480 (7th Cir. 2005) ("At the outset, we reiterate our view that dental care is one of the most important medical needs of inmates.")(internal quotation marks omitted). Plaintiff has adequately alleged Defendants Hopp, Milanez, and Crawford were deliberately indifferent to his serious dental condition.

However, Plaintiff's only claim against Defendant Warden Ruskin is she denied his emergency grievance based on the information provided by medical staff. "Only persons who cause or participate in the violations are responsible … Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)(internal citations omitted).

3

Plaintiff has also failed to state a claim against Wexford Health Sources simply because it employed one of the Defendants. Corporations such as Wexford "are responsible only for their policies rather than misconduct by their workers." *Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007)(internal quotation omitted).

Finally, Plaintiff has not clearly stated a claim against the American Dental Society based on what appears to be general recommendations concerning providing care during COVID-19. There is no indication the American Dental Society had any direct involvement in dental care at Plaintiff's facility or with Plaintiff's dental treatment.

Plaintiff has also filed a motion for appointment of counsel.[5]. The Court cannot require an attorney to accept *pro bono* appointment in a civil case.  The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

> Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014).

Ultimately "[t]he question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; if that were the test, district judges would be required to request counsel for every indigent litigant." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)(internal quotation omitted). The test is whether the litigant is competent to litigate his own claims. *Pruitt,* 503 F.3d 655.

Specifically, the Court must consider two questions.  First, "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so." *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).  Plaintiff has attempted to find counsel on his own.

Therefore, the Court must focus on the second inquiry, "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt,* 503 F.3d at 655.  The Court must consider all aspects of the litigation including gathering evidence and responding to motions. *Eagan v. Dempsey*, 2021 WL 456002, at *8.

Plaintiff says he has some college level courses and he has some prior litigation experience.   However, he is concerned his facility has limited law library time and Plaintiff claims his allegation is complex.

The Court disagrees.  Although Plaintiff says he was denied medical care, his claim of tooth pain is easy for a lay person to comprehend.  Plaintiff has demonstrated he can explain the pain he was in, his multiple requests for dental care, and the responses he received.  All of which can be used to demonstrate deliberate indifference. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference).

Plaintiff will also be able to obtain his requests for treatment as well as his dental records during discovery.  The Court will enter a Scheduling Order with information to assist a *pro se* litigant with discovery and requiring the parties to exchange initial, relevant discovery.

Finally, if Plaintiff has difficulty obtain legal materials or is unable to meet any deadline, he may file a motion explaining his efforts and requesting additional time. Based on the record, Plaintiff's motion is denied. [5].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Health Care Unit Administrator Lisa Hopp, Dentist George Milanez, and Dentist Deontay Crawford violated his Eighth Amendment rights when they were deliberately indifferent to Plaintiff's tooth pain from February 28, 2020 through September 12, 2020. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days

of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on

Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Former Warden Emily Ruskin, Wexford Health Sources, and the American Dental Society for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's motion for appointment of counsel, [5]; 3) Attempt service on Defendants pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 22nd day of April, 2022.

                                              s/ James E. Shadid
                           _____
                                               JAMES E. SHADID
                                UNITED STATES DISTRICT JUDGE